# EXHIBIT 1



**Your Missouri Courts**                    Search for Cases by: Select Search Method...▼

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**          GrantedPublicAccess  Logoff MEGANMCCURDY

**2116-CV15843 - SHANNON SCHLOEGEL V EDGEWELL PERSONAL CARE ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**          Sort Date Entries: ● Descending  Display Options:
**Click here to Respond to Selected Documents**          ○ Ascending          All Entries ▼

08/04/2021  ☐ **Notice of Service**
21-SMCC-6977; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 21-SMCC-6977; Served To - EDGEWELL PERSONAL CARE BRANDS, LLC; Server - ; Served Date - 02-AUG-21; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Served upon Melissa - Receptionist.

☐ **Notice of Service**
21-SMCC-6976; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 21-SMCC-6976; Served To - EDGEWELL PERSONAL CARE COMPANY; Server - ; Served Date - 02-AUG-21; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Served upon Melissa - Receptionist

07/26/2021  ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** SEAN RAY COOPER
**On Behalf Of:** SHANNON SCHLOEGEL

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** STEVEN LANDES ROWE
**On Behalf Of:** SHANNON SCHLOEGEL

☐ **Correspondence Sent**
Letter to Attorney General

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-6977, for EDGEWELL PERSONAL CARE BRANDS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-6976, for EDGEWELL PERSONAL CARE COMPANY.

☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 12/02/2021;  9:00 AM ;  ADAM CAINE;  Jackson - Kansas City

07/23/2021  ☐ **Request for Jury Trial Filed**
**Filed By:** ASHLEA G SCHWARZ

☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**
**Filed By:** ASHLEA G SCHWARZ

☐ **Confid Filing Info Sheet Filed**
Civil Cover Sheet.
**Filed By:** ASHLEA G SCHWARZ
**On Behalf Of:** SHANNON SCHLOEGEL

☐ **Pet Filed in Circuit Ct**
Class Action Complaint.

**Filed By:** ASHLEA G SCHWARZ

Case 4:21-cv-00631-DGK   Document 1-1   Filed 09/01/21   Page 3 of 37

Electronically Filed - Jackson - Kansas City - July 23, 2021 - 04:14 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI,
AT KANSAS CITY**

| | | |
|---|---|---|
| SHANNON SCHLOEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| EDGEWELL PERSONAL CARE | ) | Jury Trial Demanded |
| COMPANY and | ) | (Case Type: Miscellaneous Civil- Other |
| EDGEWELL PERSONAL CARE | ) | Miscellaneous - X1) |
| BRANDS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Shannon Schloegel ("Plaintiff"), individually and on behalf of all others similarly situated throughout the State of Missouri, files this Class Action Complaint ("CAC") against Edgewell Personal Care Company and Edgewell Personal Care Brands, LLC (collectively, "Defendants"), and in support states the following:

### NATURE OF ACTION

1. This is a class action lawsuit by Plaintiff, and others similarly situated, who purchased Banana Boat sunscreen products manufactured, marketed, sold and/or distributed by Defendants. Defendants distribute, market, label, and sell several over-the-counter sunscreen products under their brand name "Banana Boat." Several of Defendants' Banana Boat sunscreen products have been independently tested and shown to be adulterated with benzene, a known human carcinogen. The presence of benzene in

Defendants' Banana Boat sunscreen products was not disclosed in the products' label, in violation of state and federal law. Plaintiff and the putative class suffered economic damages due to Defendants' misconduct (as set forth below) and they seek injunctive relief and restitution for the full purchase price of the sunscreen product(s) they purchased. Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel, and as to all other matters, upon information and belief. Plaintiff further believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

<b>JURISDICTION AND VENUE</b>

2. Defendant Edgewell Personal Care Company is incorporated in the state of Missouri, is registered to do business in the state, and has designated a registered agent for service of process in the State. This court has general personal jurisdiction over the Defendant Edgewell Personal Care Company.

3. Edgewell Personal Care Brands, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Shelton, Connecticut. Edgewell Personal Care Brands, LLC's sole member is Edgewell Personal Care Company. Because an LLC is a citizen where its members are citizens, *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), Edgewell Personal Care Brands is a Missouri citizen. Edgewell Personal Care Brands manufactures, distributes, markets and/or sells personal care products, including Banana Boat

sunscreen products, to consumers nationwide, including Missouri. Edgewell Personal Care Brands, LLC holds the rights to the trademark "Banana Boat."[1] Edgewell Personal Care Brands, LLC may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

4.  Venue is proper in this Court pursuant to Mo. Rev. Stat. § 407.025.1 because Plaintiff purchased Banana Boat sunscreen products in Jackson County, Missouri. Venue is also proper in this Court pursuant to Mo. Rev. Stat. § 508.010.4 because Jackson County, Missouri is the place where Plaintiff was first injured by Defendants' conduct.

## THE PARTIES

5.  Plaintiff Shannon Schloegel resides in Kansas City, Missouri, and at all times relevant hereto has been a resident of Jackson County Missouri and a Missouri citizen. In or around June 2021, Plaintiff purchased Defendants' Banana Boat Kids Max Protect & Play Sunscreen C-Spray – SPF 100 at the Target store located at 1201 W 136th Street, Kansas City, Missouri 64145. At the time of purchase, Plaintiff was unaware that Defendants' sunscreen products may be adulterated with benzene. Plaintiff purchased the Defendants' sunscreen products on the assumption that the labeling of these products was accurate and that the products were unadulterated, safe, and effective. Plaintiff would not have purchased Defendants' sunscreen products had she known there was a

---

[1] *Banana Boat Application #86716845*, USPTO.report, https://uspto.report/TM/86716845 (last visited July 22, 2021).

risk the products may contain benzene, a known human carcinogen. As a result, Plaintiff

suffered injury in fact when she spent money to purchase sunscreen products she would

not otherwise have purchased absent Defendants' misconduct, as alleged herein. A photo

of the sunscreen purchased by Plaintiff is immediately below. The label on the Banana

Boat sunscreen reflects that it is distributed by Edgewell Personal Care Brands, LLC.



6. Edgewell Personal Care Company is a Missouri corporation with its principal

place of business in Chesterfield, Missouri. Edgewell Personal Care Company is licensed

to and does business throughout the United States, including Missouri. Edgewell Personal Care Company manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including Missouri. Edgewell Personal Care Company may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

7. Edgewell Personal Care Brands, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Shelton, Connecticut. Edgewell Personal Care Brands, LLC's sole member is Edgewell Personal Care Corporation. Edgewell Personal Care Brands, LLC manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including Missouri. Edgewell Personal Care Brands, LLC holds the rights to the trademark "Banana Boat."[2] Edgewell Personal Care Brands, LLC may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

---

[2] *Banana Boat Application #86716845*, USPTO.report, https://uspto.report/TM/86716845 (last visited July 22, 2021).

**INTRODUCTION**

8.  Defendants manufacture, market, advertise, label, distribute, and/or sell a variety

of Banana Boat sunscreen spray/aerosol products and lotions, including:

| Banana Boat | Spray | Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4 |
| Banana Boat | Spray | Kids Max Protect & Play Sunscreen C-Spray SPF 100 |
| Banana Boat | Lotion | Kids Mineral Based Sunscreen Lotion SPF 50+ |
| Banana Boat | Spray | Kids Sport Sunscreen Lotion Spray SPF 50 |
| Banana Boat | Spray | Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15 |
| Banana Boat | Spray | Simply Protect Kids Sunscreen Spray SPF 50+ |
| Banana Boat | Spray | Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50 |
| Banana Boat | Spray | Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100 |
| Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 100 |
| Banana Boat | Lotion | Ultra Sport Sunscreen Lotion SPF 100 |
| Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 30 |
| Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 50 (hereafter collectively referred to as "Sunscreen Products).[3] |

9.  In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical laboratory,

ran tests on a variety of Defendants' Sunscreen Products. Specifically, Valisure tested

---

[3] Discovery may reveal additional Sunscreen Products manufactured, sold, and distributed by Defendants that are affected by this action and Plaintiff reserves their right to include any such products in this action.

numerous lots of Defendants' spray and lotion Sunscreen Products. Through its testing, Valisure discovered that certain of the Sunscreen Products contain benzene, with values ranging from less than 0.1 parts per million ("ppm"), 0.10 ppm to 2 ppm, and more than 2 ppm. For reference, the National Institute for Occupational Safety and Health ("NIOSH") recommends protective equipment be worn by workers expecting to be exposed to benzene at concentrations of 0.1 ppm and defines "skin absorption" as an exposure route.[4] Benzene is not listed as an active or inactive ingredient on any of the labels of Defendants' Sunscreen Products. Moreover, all of the Sunscreen Products are marketed and advertised in an identical manner: as "Sunscreen."

10. On May 25, 2021, Valisure filed a citizen petition with the Food and Drug Administration ("FDA") asking the agency to recall all batches of Defendants' sunscreen products that (as tested) contained 0.1 ppm or more of benzene on the basis that they are adulterated under Section 501 of the FDCA (21 U.S.C. § 351) and misbranded under Section 502 of the FDCA (21 U.S.C. § 352). As of this filing, the FDA has not responded to Valisure's citizen petition and Defendants have not taken any action to remove the Sunscreen Product from the market.

11. Benzene is used primarily as a solvent in the chemical and pharmaceutical industries, as a starting material and intermediate in the synthesis of numerous

---

[4] Centers for Disease Control and Prevention. *The National Institute for Occupational Safety and Health (NIOSH), Benzene* (https://www.cdc.gov/niosh/npg/npgd0049.html).

Electronically Filed - Jackson - Kansas City - July 23, 2021 - 04:14 PM

chemicals, and in gasoline. Petroleum is a major source of benzene in the United States.

The health hazards of benzene have been recognized for over one hundred years.

According to the National Toxicology Program ("NTP"), benzene is "*known to be a human carcinogen* based on sufficient evidence of carcinogenicity from studies in humans."[5]

Benzene has also been "found to be carcinogenic to humans" by the International Agency

for Research on Cancer ("IARC"). Benzene was "[f]irst evaluated by IARC in 1974 . . . and

was found to be carcinogenic to humans (Group 1), a finding that has stood since that

time."[6] As noted by the IARC:

> In the current evaluation, the Working Group again confirmed the carcinogenicity of benzene based on *sufficient evidence* of carcinogenicity in humans, *sufficient evidence* of carcinogenicity in experimental animals, and *strong* mechanistic evidence. . The Working Group affirmed the strong evidence that benzene is genotoxic, and found that it also exhibits many other key characteristics of carcinogens, including in exposed humans. In particular, benzene is metabolically activated to electrophilic metabolites; induces oxidative stress and associated oxidative damage to DNA; is genotoxic; alters DNA repair or causes genomic instability; is immunosuppressive; alters cell proliferation, cell death, or nutrient supply; and modulates receptor-mediated effects.[7]

---

[5] Dep't of Health and Hum. Serv.'s, 14ᵀᴴ Report On Carcinogens 1 (2016),
https://ntp.niehs.nih.gov/ntp/roc/content/profiles/benzene.pdf(emphasis in original).
[6] Benzene / IARC Working Group on the Evaluation of Carcinogenic Risks to Humans (2017: Lyon, France), at p. 33.
[7] *Id*. at 34.

Likewise, the FDA recognizes that "[b]enzene is a carcinogen that can cause cancer in humans"[8] and classifies benzene as a "Class 1" solvent that should be "avoided."[9] FDA's Guidance for Industry states that "Solvents in Class 1 . . . should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicities or deleterious environmental effect."[10]

12. The FDA regulates sunscreens to ensure they meet safety and effectiveness standards.[11] The FDA also regulates sunscreens, including the Sunscreen Product, as over-the- counter ("OTC") drugs rather than as cosmetics. As an FDA-regulated product, sunscreens must pass certain tests before they are sold. As noted on FDA's website,

> Every drug has active ingredients and inactive ingredients. In the case of sunscreen, active ingredients are the ones that are protecting your skin from the sun's harmful UV rays. Inactive ingredients are all other ingredients that are not active ingredients, such as water or oil that may be used in formulating sunscreens.[12]

Per the FDA regulations governing Defendants' Sunscreen Products, titled "Sunscreen Drug Products for Over-the-Counter Human Use,"[13] there are certain

---

[8] *Questions and Answers on the Occurrence of Benzene in Soft Drinks and Other Beverages*, FDA (last updated Jan. 24, 2018), https://www.fda.gov/food/chemicals/questions-and-answers-occurrence-benzene-soft-drinks- and-other-beverages#q1 (last visited July 22, 2021).
[9] FDA Guidance for Industry, *Q3C – Tables and List Guidance for Industry*, *2, (2017), https://www.fda.gov/media/71737/download.
[10] FDA Guidance for Industry, Q3C Impurities: Residual Solvents (2017), https://www.fda.gov/media/71736/download.
[11] *See generally* 21 CFR §§352.1– 352.77.
[12] *Sunscreen: How to Help Protect Your Skin from the Sun*, FDA, (last updated Aug. 29, 2019), https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help- protect-your-skin-sun (last visited July 22, 2021).
[13] 21 CFR §352.10.

acceptable active ingredients in products that are labeled as sunscreen.[14] Benzene, a known human carcinogen, is not on the FDA's list of acceptable active or inactive ingredients for any sunscreen products, regardless of manufacturer. Nor is benzene identified as an active or inactive ingredient on the labels of any of the Defendants' Sunscreen Products. Thus, Defendants' assurances in its marketing of its Sunscreen Products-e.g., that "[t]his product is safe for its intended use based on the formulation, testing results, and the long history of safe consumer use"-are false and misleading.[15]

13. The governing regulations provide: "An over-the-counter sunscreen drug product in a form suitable for topical administration is generally recognized as safe and effective and is not misbranded if it meets each condition in this part and each general condition established in 330.1 of this chapter."[16] Defendants failed to meet this standard.

14. The manufacture of any misbranded or adulterated drug is prohibited under federal law[17] and Missouri state law.[18]

---

[14] *Sunscreen: How to Help Protect Your Skin from the Sun*, FDA, (last updated Aug. 29, 2019), https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help- protect-your-skin-sun (last visited July 22, 2021).

[15] Edgewell Personal Care, LLC, *Banana Boat Safety Data Sheet*, *6, (2016) https://edgewell.com/wp-content/uploads/2016/08/92014320-BB-Dry-Oil-Spray-SPF-4.pdf.

[16] 21 CFR §352.1

[17] 21 U.S.C. §331(g).

[18] *See* Mo. Ann. Stat. § 196.015 ("The following acts and the causing thereof within the state of Missouri are hereby prohibited: (1) the manufacture, sale, or delivery, holding or offering for sale any food, drug, device, or cosmetic that is adulterated or misbranded…"); Mo. Rev. Stat. § 196.095 ("A drug or device is deemed to be adulterated if it has been produced, packed, or held under unsanitary conditions where it may have been contaminated with filth, or whereby it may have been rendered injurious to health.").

15. The introduction into commerce of any misbranded or adulterated drug is similarly prohibited.[19]

16. The receipt in interstate commerce of any adulterated or misbranded drug is also unlawful.[20]

17. Among the ways a drug may be adulterated are:

> If it consists in whole or in part of any filthy, putrid, or decomposed substance; or . . . whereby it may have been rendered injurious to health; . . .[21]

18. A drug is misbranded:

a. "If its labeling is false or misleading in any particular."[22]

b. If the labeling does not contain, among other things, "the proportion of each active ingredient[.]"[23]

c. "If it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."[24]

19. If a manufacturer labels a drug but omits ingredients (the contaminant), that renders the drug misbranded.[25]

---

[19] 21 U.S.C. §331(a); Mo. Ann. Stat. § 196.015.

[20] 21 U.S.C. §331(c).

[21] 21 U.S.C. §351(a)(2)(B); Mo. Ann. Stat. §196.095.

[22] 21 U.S.C. §352(a)(1); Missouri law similarly states: "An advertisement of a food, drug, device, or cosmetic shall be deemed to be false if it is false or misleading in any material respect." Mo. Ann. Stat. § 196.120.

[23] 21 U.S.C. §352(e)(1)(A)(ii).

[24] 21 U.S.C. §352(j);.

[25] "The labeling of a drug may be misleading by reason (among other reasons) of:. (2) Failure to reveal the proportion of, or other fact with respect to, an ingredient present in such drug, when such proportion or other fact is material in the light of the representation that such ingredient is present in such drug." 21

20. Because Defendants did not disclose benzene, a known human carcinogen, may be present in the Sunscreen Products purchased by Plaintiff and the putative class members, the Sunscreen Products are adulterated and misbranded. As noted by the World Health Organization, there is no "no safe level of benzene" exposure, so it is unsuitable for human application as an ingredient in sunscreen.[26]

21. Defendants wrongfully advertised and sold the Sunscreen Products without any labeling to indicate to consumers that these products may contain benzene. The following image shows an example:



C.F.R. §201.10(2). *See* Mo. Rev. Stat. § 196.100.1 ("Any manufacturer, packer, distributor or seller of drugs or devices in this state shall comply with the current federal labeling requirements contained in the Federal Food, Drug and Cosmetic Act, as amended, and any federal regulations promulgated thereunder. Any drug or device which contains labeling that is not in compliance with the provisions of this section shall be deemed misbranded.").

[26] W.H.O. Preventing Disease Through Healthy Environments, *Exposure to Benzene: A Major Public Health Concern* 2 (2010), https://www.who.int/ipcs/features/benzene.pdf.

12

22. The adulteration of sunscreen with benzene appears to be an industry-wide problem, one that at least some of Defendants' competitors are taking bare minimum measures to address. On the heels of the Valisure petition, multiple competitors of Edgewell[27] took the took the bare minimum precaution of recalling their sunscreens found to contain benzene. But – compounding Defendants' misconduct and misrepresentations – Defendants have refused to recall their adulterated products and, even going so far as to claim that their sunscreens which contain benzene are safe. According to Edgewell: "We are aware of the voluntary recall of a selection of aerosol sunscreen products manufactured by another company due to detected levels of benzene. We wanted to let you know that we are confident in the safety and efficacy of our Banana Boat® sunscreens. [B]enzene is not an ingredient in any of our products. While benzene is not an ingredient in any of our products, it may be present at extremely low levels. Importantly, any potential residual benzene levels in our products do not present any consumer safety concerns and meet FDA's prescribed limits for benzene in drug products. Consumers can feel confident using our products for the highest level of sun protection when applied as directed by the product label."[28] These claims are false, misleading, and betray a flagrant disregard for consumer safety.

---

[27] *See* https://www.bloomberg.com/news/articles/2021-07-15/cvs-halts-sales-of-two-of-its-store-brand-sun-care-products (noting the voluntary recall of CVS Health and Johnson & Johnson sunscreens) last accessed July 23, 2021.

[28] https://www.bananaboat.com/pages/sun-faq (last accessed July 23, 2021).

23. Plaintiff has standing to represent members of the putative class because there is sufficient similarity between the specific product purchased by the Plaintiff and the other Sunscreen Products not purchased by Plaintiff. Specifically, each and every one of the Sunscreen Products (i) are marketed in substantially the same way - as "Sunscreen"- and (ii) fail to include labeling indicating to consumers that the Sunscreen Products may contain benzene as an active or inactive ingredient. Accordingly, the misleading effect of all of the Sunscreen Products' labels are substantially the same.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all other similarly situated class members pursuant to Missouri Supreme Court Rule 52.08 and seeks certification of the following class against Defendants for violations of Missouri state laws (the "Class"):

> All consumers who purchased any lotion or spray Banana Boat Sunscreen Product in the State of Missouri from July 23, 2016 to the present for personal use or consumption.
>
> Excluded from the Class are individuals who allege personal bodily injury resulting from the use of Sunscreen Product(s). Also excluded from this Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

25. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Sunscreen Product who have been damaged by

Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff at this time.

26. Plaintiff's claims are typical to those of all Class members because members of the class are similarly injured through Defendants' uniform misconduct described above and were subject to Defendants' deceptive sunscreen claims that accompanied each and every Sunscreen Product manufactured, marketed, distributed, and sold by Defendants. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

27. Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

    a.  whether Defendants' Sunscreen Products contained benzene;

    b.  whether Defendants' omissions are true, or are misleading, or objectively reasonably likely to deceive;

    c.  whether the alleged conduct constitutes violations of the laws asserted;

    d.  whether Defendants' alleged conduct violates public policy;

    e.  whether Defendants engaged in false or misleading advertising;

    f.  whether Plaintiff and the Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g. whether an injunction is necessary to prevent Defendants from continuing to market and sell defective and adulterated Sunscreen Products that contain benzene, a known human carcinogen.

28. Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and have the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

29. A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the Plaintiff and individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

16

Electronically Filed - Jackson - Kansas City - July 23, 2021 - 04:14 PM

30. The Class also may be certified because Defendants have acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

31. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above and requiring Defendants to provide full restitution in the form of a refund of the full purchase price of the Sunscreen Product to Plaintiff and Class members.

32. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

**FIRST CAUSE OF ACTION**
(Violations of the Missouri Merchandising Practices Act (the "MMPA")
Mo. Ann. Stat § 401.010, *Et Seq.*)

33. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

34. The MMPA prohibits " [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.." Mo. Ann. Stat. § 407.020.

17

Electronically Filed - Jackson - Kansas City - July 23, 2021 - 04:14 PM

35. Defendants have engaged, and continue to engage, in conduct that that constitutes "deception, fraud … false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact," in violation of the MMPA.

36. Defendants' conduct includes representing in their labels that their Sunscreen Products contain only the ingredients listed in the label, which is untrue, and failing to make any mention that the Sunscreen Products are adulterated with benzene, a known human carcinogen.

37. Similarly, Defendants have engaged, and continue to engage, in deceptive, untrue, and misleading advertising by representing that their Sunscreen Products:

    a.  "provide today's busy family with sun protection without worry when used and reapplied as directed,"[29]

    b.  offer "safe and effective sun protection,"[30] and

    c.  are "safe for [their] intended use based on the formulation, testing results, and the long history of safe consumer use."[31]

38. Representatives of one or more Defendants have further represented to consumers that "all Banana Boat products undergo rigorous testing to ensure they are appropriately

---

[29] Press Release, Edgewell Personal Care, Banana Boat Kicks off Summer by Release Simply Protect, a New Line of Sunscreen with Fewer Ingredients (May 1, 2018) (available at https://ir.edgewell.com/news-and-events/press-releases/2018/05-01-2018-130128066?sc_lang=en).

[30] *Id.*

[31] Edgewell Personal Care, LLC, *Banana Boat Safety Data Sheet*, *6, (2016) https://edgewell.com/wp-content/uploads/2016/08/92014320-BB-Dry-Oil-Spray-SPF-4.pdf.

18

labeled and meet all relevant health regulations, including SPF tests."[32] Such representations cannot be true, however, given that independent testing by Valisure has confirmed that certain of Defendants' Sunscreen Products contain a known (but undisclosed) human carcinogen (i.e. benzene).

39. Defendants further market their Sunscreen Products specifically to parents like Plaintiff, by offering a Kids and Baby portfolio of Sunscreen Products. These marketing efforts claim to "know families are interested in sunscreen without any extra ingredients like dyes or perfumes - but with the same trusted protection Banana Boat has always provided."[33]

40. Defendants failed to disclose to parents such as Plaintiff that products such as Banana Boat Spray Kids Max Protect & Play Sunscreen C-Spray SPF 100 (as tested by Valisure) contains the "extra ingredient" benzene.

41. By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices within the meaning of the MMPA.

42. Plaintiff and all Class members purchased Defendants' Sunscreen Products for personal, family or household purposes.

---

[32] WFTS Staff, *Dermatologists say These Sunscreen Ingredients can Cause Blisters and Burns on Some Children's Skin*, 10news (June 21, 2019, 8:26 AM), https://www.10news.com/news/national/dermatologists-say-these-sunscreen-ingredients-can- cause-blisters-and-burns-on-some-childrens-skin.

[33] Press Release, Edgewell Personal Care, Banana Boat Kicks off Summer by Release Simply Protect, a New Line of Sunscreen with Fewer Ingredients (May 1, 2018) (available at https://ir.edgewell.com/news-and-events/press-releases/2018/05-01-2018-130128066?sc_lang=en).

Electronically Filed - Jackson - Kansas City - July 23, 2021 - 04:14 PM

43. Since consumers reasonably rely on Defendants' representation of the ingredients contained in the Sunscreen Products' labels and injury resulted from ordinary use of the Sunscreen Products, consumers could not have reasonably avoided such injury.

44. But for Defendants' conduct, Plaintiff and all Class members would not have purchased Defendants' Sunscreen Products.

45. Plaintiff and all class members acted as reasonable consumers in light of all circumstances. Specifically, a reasonable consumer would not expect sunscreen to contain a known carcinogen and would expect any risk of such adulteration would be disclosed by Defendants.

46. Defendants' non-disclosure caused and would cause a reasonable consumer to buy adulterated sunscreen, resulting in damages as measured by the purchase price of the sunscreen. A reasonable consumer would not purchase sunscreen containing a warning that the sunscreen may be adulterated with a known carcinogen.

47. Class damages are sufficiently definitive and objective to calculated with a reasonable degree of certainty. Such damages may be calculated to a reasonable degree of certainty via (without limitation) receipts, credit card and bank statements, suggested retail prices, and Defendants' sales and distribution records.

48. Plaintiff and all Class members suffered an ascertainable loss caused by Defendants' conduct because Plaintiff and Class members would not have purchased Defendants' Sunscreen Products had they known that the products contained benzene.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

49. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

50. Plaintiff and the Class members conferred a benefit on Defendants by purchasing their Sunscreen Products.

51. Defendants have benefited at Plaintiff's and Class members' expense by the sale of the Sunscreen Products by collecting the price of the falsely represented products, which consumers paid for because of Defendant's deceptive and misleading advertising and representations and/or omissions.

52. Defendant's retention of the revenues from Plaintiffs and Class members' purchases of Defendants' Sunscreen Products, under these circumstances, is unjust and inequitable because consumers were misled by Defendants to believe that they were receiving a product that was safe.

53. Plaintiffs and Class members were injured because they purchased a product they otherwise would not have purchased, due to Defendants' falsities, misrepresentations and/or omissions.

54. Because Defendants' retention of the non-gratuitous benefit conferred on it by Plaintiffs and the Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members, as ordered by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against the Defendants as to each and every count, including:

A. That the Court determine that this action may be maintained as a class action under RSMo § 407.025.l and Missouri Supreme Court Rule 52.08, that Plaintiffs be named as Class Representatives of the Class, that the undersigned be named as Lead Class Counsel, and direct that notice of this action be given to Class members;

B. That the Court enter an order declaring that Defendant's actions, as set forth in this Complaint, violate the state laws set forth above;

C. That the Court award Plaintiff and Class members damages, treble damages, punitive damages, and/or restitution in an amount to be determined at trial;

D. That the Court issue appropriate injunctive and other equitable relief against Defendant;

E. That the Court award Plaintiff pre- and post-judgment interest;

F. That the Court award Plaintiff her costs of suit, including reasonable attorneys' fees and expenses, including costs of consulting and testifying experts; and

G. That the Court award any and all such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

22

Date: July 23, 2021                    Respectfully Submitted,

                                       **PAUL LLP**
                                       */s/ Ashlea G. Schwarz*
                                       Ashlea G. Schwarz (MO #60102)
                                       Sean R. Cooper (MO #65847)
                                       Steven L. Rowe (MO #68359)
                                       601 Walnut Street, Suite 300
                                       Kansas City, Missouri 64106
                                       T: (816) 984-8100
                                       F: (816) 984-8101
                                       Rick@PaulLLP.com
                                       Sean@PaulLLP.com
                                       Steven@PaulLLP.com

                    **ATTORNEYS FOR PLAINTIFFS**

23

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

SHANNON SCHLOEGEL

<table>
<tr><td>PLAINTIFF(S),</td><td>CASE NO. 2116-CV15843</td></tr>
<tr><td>VS.</td><td>DIVISION 11</td></tr>
</table>

EDGEWELL PERSONAL CARE COMPANY **ET AL**

DEFENDANT(S),

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable ADAM CAINE on 02-DEC-2021 in DIVISION 11 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:21-cv-00631-DGK   Document 1-1   Filed 09/01/21   Page 27 of 37

## **MEDIATION**

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## **POLICIES/PROCEDURES**

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

*/S/ ADAM CAINE*
ADAM CAINE**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ASHLEA G SCHWARZ, 601 WALNUT STREET, SUITE 300, KANSAS CITY, MO 64106

Defendant(s):
EDGEWELL PERSONAL CARE COMPANY
EDGEWELL PERSONAL CARE BRANDS, LLC

Dated: 26-JUL-2021

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | **Case Number:** 2116-CV15843 |
| Plaintiff's/Petitioner:<br>SHANNON SCHLOEGEL | Plaintiff's/Petitioner's Attorney/Address<br>ASHLEA G SCHWARZ<br>601 WALNUT STREET<br>SUITE 300 |
| vs. | KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>EDGEWELL PERSONAL CARE COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Miscellaneous Actions | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** EDGEWELL PERSONAL CARE BRANDS, LLC
**Alias:**

1247 OLIVE BLVD SUITE 300
ST. LOUIS, MO 63141

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

26-JUL-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                              Date                                    Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-6977**   1   of   1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV15843 |
|---|---|
| Plaintiff's/Petitioner:<br>SHANNON SCHLOEGEL | Plaintiff's/Petitioner's Attorney/Address<br>ASHLEA G SCHWARZ<br>601 WALNUT STREET<br>SUITE 300<br>KANSAS CITY, MO 64106 |
| vs. | |
| Defendant/Respondent:<br>EDGEWELL PERSONAL CARE COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** EDGEWELL PERSONAL CARE COMPANY
**Alias:**

1247 OLIVE BLVD SUITE 300
ST. LOUIS, MO 63141

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

26-JUL-2021
Date

*JACKSON COUNTY*

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                  Date                                                  Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-6976**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**SUMMONS/GARNISHMENT SERVICE PACKETS**
**ATTORNEY INFORMATION**

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
415 E 12TH
KANSAS CITY, MISSOURI 64106

**MARY A. MARQUEZ**
Court Administrator

**ANGELA E. WERKOWITCH**
Director of Civil Records

JULY 26, 2021

Eric Schmitt, Attorney General
Supreme Court Building
PO Box 899
Jefferson City, Missouri  65102

RE :   SHANNON SCHLOEGEL V EDGEWELL PERSONAL CARE ET AL

Case No:  2116-CV15843

Enclosed is a copy of the petition filed in the above case.  You are being notified of this action in accordance with Section 407.25 R.S.Mo.

**COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

_____
**DEPUTY COURT ADMINISTRATOR**

Enclosure
Mc:  Case File Folder

Case 4:21-cv-00631-DGK   Document 1-1   Filed 09/01/21   Page 33 of 37

Electronically Filed - Jackson - Kansas City - July 26, 2021 - 02:10 PM



**IN THE  16TH JUDICIAL CIRCUIT  COURT,  _____ JACKSON COUNTY _____ , MISSOURI**

Shannon Schloegel,

      Plaintiff,

               vs.

Edgewell Personal Care Company Et Al,

      Defendant.

Case Number:  2116-CV15843

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Shannon Schloegel, Plaintiff, in the above-styled cause.

/s/ Sean Cooper
_____

Sean Ray Cooper
Mo Bar Number: 65847
Attorney for Plaintiff
601 Walnut Street, Suite 300
Kansas City, MO 64106
Phone Number: (816) 984-8100
sean@paulllp.com

### Certificate of Service

I hereby certify that on _____ July 26th, 2021 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Sean Cooper
_____

Sean Ray Cooper

OSCA (10-14) GN230                        1 of 1

Electronically Filed - Jackson - Kansas City - July 26, 2021 - 10:56 AM

 **IN THE  16TH JUDICIAL CIRCUIT  COURT,  _____JACKSON COUNTY_____, MISSOURI**

Shannon Schloegel,

     Plaintiff,

          vs.

Edgewell Personal Care Company Et Al,

     Defendant.

Case Number:  2116-CV15843

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Shannon Schloegel, Plaintiff, in the above-styled cause.

/s/ Steven Landes Rowe
Steven Landes Rowe
Mo Bar Number: 68359
Attorney for Plaintiff
601 Walnut St.
Suite 300
Kansas City, MO 64106
Phone Number: (816) 984-8100
steven@paulllp.com

### Certificate of Service

I hereby certify that on _____July 26th, 2021_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Steven Landes Rowe
Steven Landes Rowe



## RETURN



### IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

*SB*
*8.25*

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV15843 |
|---|---|
| Plaintiff's/Petitioner:<br>SHANNON SCHLOEGEL | Plaintiff's/Petitioner's Attorney/Address<br>ASHLEA G SCHWARZ<br>601 WALNUT STREET<br>SUITE 300<br>KANSAS CITY, MO 64106 |
| vs. | |
| Defendant/Respondent:<br>EDGEWELL PERSONAL CARE COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** EDGEWELL PERSONAL CARE BRANDS, LLC
**Alias:**

1247 OLIVE BLVD SUITE 300
ST. LOUIS, MO 63141          12 DEPOS
                            vvv

**COURT SEAL OF**

        You are summoned to appear before this court and to file your pleading to the petition, a copy of
which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the
above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to
file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

        26-JUL-2021                                    _____
        Date                                               Clerk

**JACKSON COUNTY**          Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who
permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Melissa_ (name) _Receptionist_ (title).
☐ other _____

Served at _12747 Olive #300_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _8/2/21_ (date) at _8:00_ (time).
_Scott DePollo_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

        (Seal)

My commission expires: _____
                        Date                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of
suits, see Supreme Court Rule 54.

21-S MCC-6615          7-30-21

# RETURN

## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

*SB*
*8:25*

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV15843 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON SCHLOEGEL | Plaintiff's/Petitioner's Attorney/Address<br>ASHLEA G SCHWARZ<br>601 WALNUT STREET<br>SUITE 300<br>KANSAS CITY, MO 64106 |
| | vs. |
| Defendant/Respondent:<br>EDGEWELL PERSONAL CARE COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** EDGEWELL PERSONAL CARE COMPANY

1247 OLIVE BLVD SUITE 300
ST. LOUIS, MO 63141

**Alias:**

*12 DEPOS VW*

**COURT SEAL OF**

*(seal)*
CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

26-JUL-2021
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
*Melissa* (name) *Receptionist* (title).

☐ other _____

Served at *12747 Olive #300* (address)
in *St Louis* (County/City of St. Louis), MO, on *8/2/21* (date) at *0800* (time).

*Scott DePolpo*
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

**Sheriff's Fees**

| Summons | $ _____ |
|---|---|
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ (_____ miles @ $._____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*21-SMCC-6614*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-6976   1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo